Chacon v. Williams                                                                                        Doc. 4

```
                                                            CLERK'S OFFICE U.S. DIST. COURT
                                                                   AT ROANOKE, VA
                                                                        FILED
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF VIRGINIA              DEC 1 6 2005
                        ROANOKE DIVISION
                                                              JOHN F. CORCORAN, CLERK
                                                              BY:
                                                                     DEPUTY CLERK
```

| | | |
|---|---|---|
| ALFONSO LUIS CHACON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:05cv00758 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. WILLIAMS, | ) | By: Samuel G. Wilson |
|     Defendant. | ) | United States District Judge |

Plaintiff Alfonso Luis Chacon, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendant has failed to provide him with adequate medical care in violation of the Eighth Amendment. Chacon seeks $ 25,000,000 in damages and injunctive and declaratory relief. The court finds that Chacon has failed to state a claim upon which the court may grant relief; therefore, the court dismisses the action pursuant to 28 U.S.C. § 1915A(b)(1), which allows dismissal of a prisoner suit if it is clear from the complaint that the plaintiff is not entitled to relief.

**I.**

Chacon alleges that prior to his transfer to Red Onion State Prison ("ROSP") on March 31, 2004, he was housed at Sussex I State Prison ("Sussex"). While imprisoned at Sussex, Chacon claims that a "skin specialist" examined him, diagnosed him with facial skin sensitivity, which prevented him from using a razor on his face, and prescribed an unspecified medication.[1] Chacon claims that he used the medication until his transfer to ROSP but that Dr. Williams at ROSP has examined him multiple times and has determined that no further medical treatment is necessary to treat his skin condition. Chacon claims, though, that he believes he needs

---

[1] Though Chacon provides little detail regarding his "skin sensitivity," from the grievances and medical personnel's responses to those grievances, it appears that he suffers from facial acne.

Dockets.Justia.com

medication for his "sensitive skin" and should be referred to an outside specialist for further diagnosis or treatment related to his condition.

## II.

In order to establish a claim of deliberate indifference under the Eighth Amendment, a plaintiff must show that defendants knew of but disregarded an objectively serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). Disagreements between an inmate and medical personnel over diagnosis or course of treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Chacon does not deny that Dr. Williams has examined him on numerous occasions, has rendered a diagnosis, and has administered any medically necessary treatment. Thus, his claims amount to nothing more than a patient-doctor disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Chacon has failed to state a claim and dismisses his suit.

## III.

For the reasons stated herein, the court dismisses Chacon's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER:** This /6/*M* day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE